**UNITED STATES of America**

v.

**Elias Renteria RODRIGUEZ.**

**UNITED STATES of America**

v.

**Robert Lee SIMCOX.**

**UNITED STATES of America**

v.

**Sean GREEN aka Simon Uchenna Nwokenkwo.**

**Nos. P–92–16M, P–93–04M and P–93–52M.**

United States District Court, W.D. Texas, Pecos Division.

June 7, 1993.

Kenneth DeHart, Alpine, TX, for Elias Renteria Rodriguez.

Christine W. Kelso, Office of the Federal Public Defender, W.D. Texas, El Paso, TX, for defendant Robert Lee Simcox.

Linda B. Zeman, U.S. Atty., Pecos, TX, for U.S.

Douglas Chew, El Paso, TX, for defendant Sean Green.

## ORDER

BUNTON, Senior District Judge.

[U.S. v. Rodriguez, No. P–92–16M]

**BEFORE THIS COURT** is the recommendation of United States Judge Louis Guirola, Jr. the Complaint in the above-captioned cause be dismissed for violation of the Speedy Trial Act's requirement an indictment or information be filed within thirty days of arrest. 18 U.S.C. § 3161(b). The Proposed Findings of Fact and Recommendations was signed by Magistrate Judge Guirola on May 7, 1993. The Government has not objected to the Proposed Findings and Recommendations and the Defendant has notified the Court he does not object to the Proposed Findings and Recommendations. Accordingly,

·**IT IS ORDERED** the Proposed Findings of Fact and Recommendations of Magistrate Judge Louis Guirola, Jr. in the above-captioned cause is hereby **APPROVED AND ADOPTED.**

**IT IS ORDERED** the Complaint in the above-captioned cause of action is hereby **DISMISSED WITHOUT PREJUDICE.**

ORDER

BUNTON, Senior District Judge.

[U.S. v. Simcox, No. P–93–04–M]

**BEFORE THIS COURT,** in the above-captioned cause of action, is the recommendation of United States Magistrate Judge Louis Guirola, Jr. the Complaint against this Defendant be dismissed for violation of the Speedy Trial Act's requirement an indictment or information be filed within thirty days of arrest 18 U.S.C. § 3161(b). The Proposed Findings of Fact and Recommendations was signed by Magistrate Judge Guirola on May 7, 1993. The Defendant has objected to the adoption by this Court of the Magistrate's recommendation the charges be dismissed without prejudice for reasons thoroughly outlined in a letter to the Magistrate Judge dated May 5, 1993 and reiterated to this Court in a conversation of June 3, 1993. The Court is in agreement with Defendant dismissal without prejudice is inappropriate in this case. Accordingly, it is the opinion of this Court the following Order should be entered:

**IT IS ORDERED** the Government shall comply, in a timely fashion, with the terms of the "oral plea bargain" entered into with Defendant and outlined in the above-referenced letter.

ORDER

BUNTON, Senior District Judge.

[U.S. v. Green, No. P–93–52M]

**BEFORE THIS COURT** is the recommendation of United States Judge Louis Guirola, Jr. the Complaint in the above-captioned cause be dismissed for violation of the Speedy Trial Act's requirement an indict-

ment or information be filed within thirty days of arrest. 18 U.S.C. § 3161(b). The Proposed Findings of Fact and Recommendations was signed by Magistrate Judge Guirola on May 7, 1993. Neither the Government nor the Defendant have objected to the Proposed Findings and Recommendations. Accordingly,

**IT IS ORDERED** the Proposed Findings of Fact and Recommendations of Magistrate Judge Louis Guirola, Jr. in the above-captioned cause is hereby **APPROVED AND ADOPTED.**

**IT IS ORDERED** the Complaint in the above-captioned cause of action is hereby **DISMISSED WITHOUT PREJUDICE.**

*PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS*

GUIROLA, United States Magistrate Judge.

These defendants are before the Court on pending criminal complaints alleging separate violations of federal law. Since all three cases involve similar questions of law and fact, they have been consolidated for purposes of hearing and disposition.

The primary issue before the Court is whether defendant's written waivers of speedy trial effectively toll the speedy trial clock after complaint and prior to indictment.

FACTS AND PROCEDURAL HISTORY

While all of these cases are factually distinct [1], they do share one common denominator. After being held over to answer to the criminal charges in district court, each defendant executed and filed a "waiver of speedy trial". Although there have been intermittent sessions of the grand jury, no information or indictment has been filed in connection with these charges within the time period required by the Speedy Trial Act.[2]

---

1. Elias Rodriguez was arrested and charged by complaint on February 6, 1992 on the charge of conspiracy to possess with intent to distribute marijuana. A criminal complaint was filed against Robert Lee Simcox on January 25, 1993 on the charge of possession with intent to distribute 214 pounds of marijuana. Sean Green was arrested and charged with assault of a federal officer on March 31, 1993.

2. **18 U.S.C. § 3161(b)** Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection

On April 27, 1993 the Court issued and served the parties with an order to show cause why these pending complaints should not be dismissed. At the hearing the parties stipulated that the waivers were executed by agreement and that no court ordered continuance was sought. The government argues that these waivers are valid and have the effect of stopping the speedy trial clock while they are in effect. Alternatively the government argues that in the event that the court finds the waivers invalid, it should consider them joint requests for continuance under 18 U.S.C. § 3161(h)(8)(A) and enter *nunc pro tunc* orders.[3]

## DISCUSSION

### Effect of the Speedy Trial Waivers

■ Title 18 U.S.C., section 3161(b) requires an indictment or information be filed within thirty days of arrest. On its face, each of these cases are in violation of this section. The defendant's "waivers of speedy trial" do not cure the default.

The question of waiver of provisions of the Speedy Trial Act was considered by Congress prior to passage. The Senate Committee clearly announced that "any construction which holds that any of the provisions of the Speedy Trial Act is waivable by defendant, ... is contrary to legislative intent and subversive of its primary objective: protection of the societal interest in speedy disposition of criminal cases by preventing undue delay in bringing such cases to trial." [4]

This circuit has addressed the validity of speedy trial waivers in *United States v. Willis*.[5] In *Willis*, the Court held that because the public has an interest in bringing criminal prosecutions to a prompt conclusion, the provisions of the Speedy Trial Act are not waivable by the defendant.

"The Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved. Allowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice. In the vast majority of cases, the defendant will be quite happy to delay the final determination of his guilt or innocence. The Act's central intent to protect society's interests requires that a defendant's purported waiver of his rights under the Act ineffective to stop the speedy trial clock from running." (*Willis* at page 63)

The Government contends that *Willis* is limited to situations in which an indictment is not brought to trial within the required time. The Government's argument is not persuasive. First, *Willis* speaks to a defendants waiver "under the Act". It is not limited, as the government suggests, to post indictment cases. Second, there is authority to support the proposition that waivers of speedy trial time limitations prior to indictment are invalid.[6] Finally, to construe *Willis* in the manner the government suggests would render the provisions of § 3161(b) meaningless by providing a convenient bypass of the clear intent of the this section. In effect, criminal prosecutions could be postponed indefinitely by agreement.

The Court discerns no ill motive on the part of these parties. In each of these cases they seek to "sidestep" the provisions of the Speedy Trial Act for reasons they feel are in the best interest of the defendant and the public.[7] However, a good faith delay, not

---

with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

3. At the hearing the Government offered a motion to dismiss (without prejudice) the complaint pending against Rodriguez. The defendant objected to a dismissal without prejudice.

4. S.Rep. No. 212, 96th Cong., 1st Sess. 29 (1979).

5. 958 F.2d 60 (5th Cir.1992).

6. *U.S. v. Saltzman*, 984 F.2d 1087 (10th Cir. 1993).

7. At hearing the government explained that the "waiver" procedure is employed to give the prosecution time within which to "weed out" weak cases. Thus, a dismissal can be entered without exposing a defendant to the stigma of indictment. In addition cooperating defendants are given additional time within which to earn credit toward a dismissal or a more favorable sentence.

matter how well intentioned, may undermine the integrity of the criminal justice system as much as deliberate abuse.

The procedure suggested by the government encourages the very delay that Congress sought to avoid. The waivers of speedy trial are invalid. Dismissal of each complaint is mandated pursuant to 18 U.S.C. § 3162(a)(1).[8] It remains for the court to determine whether dismissal should be with or without prejudice.

### Nunc pro tunc Continuances

■ Periods of delay resulting from a continuance are excluded in computing the time within which an information or an indictment must be filed if the continuance is granted on the basis of findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and such findings appear in the record of the case either orally or in writing.[9] Although this option was available to the parties by statute as well as local rule, they chose instead to rely on waivers. The Government now seeks *nunc pro tunc* orders of continuance in each of these cases and asks the Court to make a retroactive "ends of justice" finding.

Other Courts have recognized that when a judge gives no indication that a continuance was granted upon a balancing of the factors specified by the Speedy Trial Act, the danger is great that every continuance will be converted retroactively into a continuance creating excludable time, which is clearly not the intent of the Act.[10] Here the Government seeks both a retroactive "ends of justice" finding and the granting of a continuance which was never originally requested. The Court would in effect become a participant in a fiction designed exclusively for the purpose of circumventing the provisions of § 3161(b). This Court should decline the invitation.

### Dismissal with or without prejudice

■ Title 18 U.S.C., Section 3162(a)(1) mandates dismissal for violation of the provisions of § 3161(b). In determining whether to dismiss the case with or without prejudice, the Court shall consider, among others, each of the following factors:

a) the seriousness of the offense;

b) the facts and circumstances of the case which led to the dismissal;

c) and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

■ Rodriguez, Simcox and Green are all charged with serious offenses. Therefore, this factor weighs in favor of dismissal without prejudice.[11]

■ In evaluating the second aspect of the test, facts and circumstances leading to dismissal, the court should focus "on the culpability of the delay-producing conduct."[12] The evidence at hearing disclosed that the defendants had each voluntarily entered into

---

**8.** **18 U.S.C. § 3162(a)(1)** If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

**9.** 18 U.S.C. § 3161(h)(8)(A). *See also* 18 U.S.C. § 3161(h)(8)(B)(iii). *See also* Appendix E, Section II, F.(4)(a) of the Local Rules of the United States District Court for the Western District of Texas.

(4) *Pre–Indictment Procedures.*
(a) In the event that the United States Attorney anticipates that an indictment or information will not be filed within the time limit set forth in section C (Interval I), he may file a written motion with the court for a determination of excludable time. In the event that the United States Attorney seeks a continuance under 18 U.S.C. § 3161(h)(8), he shall file a written motion with the court requesting such continuance.

**10.** *U.S. v. Janik*, 723 F.2d 537 (7th Cir.1983). *See also: U.S. v. Tanner*, 941 F.2d 574 (7th Cir.1991); *U.S. v. Brenna*, 878 F.2d 117 (3rd Cir.1989).

**11.** *U.S. v. May*, 819 F.2d 531 (5th Cir.1987).

**12.** *U.S. v. Hastings*, 847 F.2d 920 (1st Cir.1988).

**662**

the waivers to allow the government time to further evaluate the merits of the charges or to allow the defendant an opportunity to cooperate. The facts indicate that both defendant and prosecution equally share culpability.

Finally, this "waiver" practice, while proscribed by the Act, has for the most part been employed to benefit both sides. The defendants have neither alleged nor demonstrated any prejudice to their respective cases attributable to the delays.[13]

Weighing each of the factors of § 3162(a)(1) in these cases, the appropriate sanction is dismissal without prejudice.

### RECOMMENDATIONS

After a review of the relevant law and consideration of arguments and briefs of counsel, it is the opinion of the undersigned U.S. Magistrate Judge the Complaints in the above styled and numbered causes should be **DISMISSED WITHOUT PREJUDICE.**

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objec-

tions to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[14] Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this report within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.[15]

Signed this 7th day of May, 1993.

**13.** 487 U.S. 326, 334, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988).

**14.** *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982). *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

**15.** *Nettles,* 677 F.2d at 410.