UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-10091
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

REGINALD ALLEN JONES a/k/a Reggie,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
              Northern District of Texas
_____

(June 14, 1995)

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

    Defendant-appellant Reginald Allen Jones (Jones) appeals his jury conviction, arguing that the indictment should have been dismissed for undue delay under the Speedy Trial Act.  We reverse and remand.

## Facts and Proceedings Below

    On April 8, 1992, a federal grand jury returned an indictment charging Jones and three co-defendants with conspiracy to import heroin into the United States in violation of 21 U.S.C. §§ 952(a) & 960.  After the indictment was made public on April 14, 1992,

Jones pleaded not guilty, and trial was set for June 1, 1992. Before trial, one of Jones's co-defendants, Peter Amakwe (Amakwe), filed a motion for continuance on May 18, 1992, purportedly to allow counsel an opportunity to complete unspecified discovery.[1] In his motion, Amakwe asked to have the trial continued at least until July 27, 1992, or "until such time as the Court determines counsel will have adequate opportunity to complete discovery and prepare in this complex case."

The June 1, 1992, trial date passed without a word or ruling of record from the district court; Amakwe's proposed trial date of July 27, 1992, likewise thus passed. Almost one year later, on June 21, 1993, still with no ruling of record on the continuance from the district court, Jones moved to dismiss the indictment for failure to comply with the Speedy Trial Act.[2] On July 8, 1993, the court denied the motion, entered an order "memorializing" its ruling on Amakwe's motion for continuance, and reset the trial for September 7, 1993. Trial began on September 8, 1993, and the jury returned a guilty verdict six days later.[3] Jones was sentenced to 264 months in prison and 5 years of supervised release. From the January 26, 1994, judgment of conviction, Jones now appeals.

---

[1] Amakwe did not explain what discovery he needed to perform or why exactly he needed extra time to do it; instead he merely noted that the case was complex and "involv[ed] events [that] . . . occurred outside the United States."

[2] Jones has been continuously incarcerated since his arrest on March 16, 1992.

[3] Amakwe remained a co-defendant until trial, at which time he entered a plea of guilty.

Discussion

Jones contends that the district court erred in denying his motion to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (the Act). The Act requires that criminal defendants be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id.* § 3161(c)(1). If a defendant is not brought to trial within this period, then the indictment must be dismissed. *Id.* § 3162(a)(2). Section 3161(h) of the Act, however, excludes from the calculation of this seventy-day period certain specified delays, including

> "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(8)(A).

The Act also excludes any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(F).[4] Section 3161(h)(1)(J), moreover, limits to thirty

---

[4] It is irrelevant that Amakwe, rather than Jones, requested the continuance. Unless or until the co-defendant's case is severed from the defendant's, "the excludable delay of one codefendant may be attributed to *all* defendants." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994), *cert. denied*, 115

3

days any extension "reasonably attributable to any period . . . during which any proceeding concerning the defendant is actually under advisement by the court."  *Id.* § 3161(h)(1)(J); *see Henderson v. United States*, 106 S.Ct. 1871, 1875-76 (1986).

It is undisputed that the seventy-day period began on April 14, 1992, the date the indictment was made public, and that the trial began roughly one year and five months later, on September 8, 1993.  This case turns on whether Amakwe's motion for continuance resulted in the exclusion of sufficient time from this intervening period, under section 3161(h)(8)(A), to bring Jones's trial within the Act's seventy-day rule.[5]  Relying on section 3161(h)(1)(F), Jones argues that the motion stopped the clock only from May 18, 1992, until June 1, 1992, the original trial date, at which time the motion became moot because the scheduled trial did not take place.  The government responds that the continuance was granted, and the trial suspended indefinitely, the day the motion was submitted and that, consequently, any and all delay from May 18, 1992, until trial was excludable from the critical seventy-day period.[6]

---

S.Ct. 1113 (1995).

[5]   Although there were pre-trial motions in this case, other than the motion for continuance, which also reduced the total number of excluded days, the government has conceded that these other delays would not together "be sufficient to bring the speedy trial total to under seventy days."

[6]   At oral argument, the government conceded that there was no factual basis for the assertion in its brief that Amakwe's motion was granted the day it was submitted.

4

It is positively unclear what action the district court took, or when it took it, with respect to Amakwe's motion for continuance. The record is silent in this regard until July 8, 1993, when, in denying Jones's motion to dismiss, the district court said, "On May 18, 1992, . . . Amakwe filed a motion for continuance. The Court granted the motion and continued the trial without setting a trial date." The same day, the district court issued an order "memorializing" its ruling on Amakwe's motion for continuance. In this order, the court explained that the motion had been granted "on the ground that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." The court gave as its reason for this finding the need to allow Amakwe's counsel "an opportunity to complete discovery and prepare in this complex case."[7] The court's July 8, 1993, order does not indicate when the court acted on the motion for continuance or in what form or manner such action was manifested or communicated to the parties or the clerk's office.

Although the district court stated that it was "memorializing" an earlier grant of the continuance, from the above it is unknown when exactly the district court originally granted the motion. It is reasonable to infer, however, that the motion was granted on or before June 1, 1992, the original trial date, as no trial took place then, and further, that the continuance then granted was

---

[7] In granting a continuance under section 3161(h), a district court "must consider at least one of the factors specified by the Act." *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). Here, the district court cited section 3161(h)(8)(B)(ii), which allows continuances in complex cases.

5

indefiniteSQalthough nothing in the July 8, 1993, order so indicatesSQas there was no resetting of the trial date at that time. Even so, the court did not cause the entry of a ruling on the docket sheet or explain anywhere its reason for the continuance until its July 8, 1993, order. Indeed, in the year between Amakwe's motion for continuance and Jones's motion to dismiss, there is absolutely nothing in the record regarding Amakwe's motionSQno indication whatsoever that the district court granted, postponed, or in any way reacted to it.[8] Nor is there any indication of record that Amakwe ever asked for additional time beyond his original request that the trial be continued until at least July 27, 1992.

We conclude that, under the rather extreme circumstances of this particular case, the open-ended continuance silently granted by the district court constitutes an abuse of the Speedy Trial Act.[9] Even accepting that the district court considered and

---

[8] During this period, on-the-record activity in Jones's case was essentially limited to the filing and granting of a November 1992 motion to substitute counsel and then, in early 1993, the district court's action on a series of pretrial motions, mostly related to discovery.

[9] For the continuance to stop the clock, the district court must state on the record its reasons for finding that the interests of justice outweigh the defendant's interest in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The government claims that the district court performed an ends-of-justice analysis before implicitly granting the motion on May 18, 1992, but simply failed to enter the analysis in the record at that time. According to the government, the Act does not require that the district court's findings be entered contemporaneously with the grant of the continuance. Jones maintains that this Court's recent decision in *United States v. Blackwell*, 12 F.3d 44, 47 (5th Cir. 1994), requires a district court to enter an ends-of-justice analysis on the record at the same time that it grants the continuance. Although in *Blackwell* we suggested as much, the

granted Amakwe's motion for continuance on or before the original

trial date, it is evident from the record that the duration of the

continuance was unconsidered and left completely unresolved until

Jones's motion to dismiss.  In his motion for the continuance,

Amakwe wrote,

> "It is hereby requested that my trial be continued until such time as the Court determines counsel will have adequate opportunity to complete discovery and prepare in this complex case.  It is requested that this case not be reset prior to July 27, 1992."

---

language is dicta because the district court in that case, rather than merely not entering *contemporaneous* findings on the record, never entered any findings at all, and it was that failure which violated the express terms of section 3161(h)(8)(A).  Here, in contrast, the district court did perform an ends-of-justice analysis, but did so on July 8, 1993, almost a year after the continuance was implicitly granted.

To resolve this case, we need not turn *Blackwell*'s dicta into law.  We note, however, that virtually every Circuit has held that the *entry* of findings in the record after granting the continuance is not reversible error so long as the findings were not actually *made* after the fact.  *See United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993) (holding that the "reasons stated must be the actual reasons that motivated the court at the time the continuance was granted"); *United States v. Vasser*, 916 F.2d 624, 627 (11th Cir. 1990) (same), *cert. denied*, 111 S.Ct. 1688 (1991);  *United States v. Janik*, 723 F.2d 537, 544-45 (7th Cir. 1983) (same);  *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (not requiring that the reasons be entered on the record at the same time that they are made), *cert. denied*, 103 S.Ct. 1526 (1983); *United States v. Clifford*, 664 F.2d 1090, 1095 (8th Cir. 1981) (same); *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir.) (same), *cert. denied*, 101 S.Ct. 211 (1980).  In *United States v. Williams*, 12 F.3d 452, 460 n.37 (5th Cir. 1994), we stated, citing *United States v. Rush*, 738 F.2d 497, 507 (1st Cir. 1984), *cert. denied*, 105 S.Ct. 1355 (1985), "[a]lthough the reasons for an 'ends of justice' continuance must be articulated, they need not be articulated at the time the continuance is granted."  We note, finally, that the Act itself does not expressly require that the ends-of-justice findings be entered contemporaneously on the record, just that they be entered on the record.  18 U.S.C. § 3161(h)(8)(A).

From the above, it is reasonable to infer that Amakwe needed until July 27, 1992, to complete some unspecified discovery. Beyond that, the motion is conclusory and uninformative; it fails to explain what and why discovery remained to be done and, further, how long it would take.

There is thus nothing in the motion itself from which the district court could have concluded that Amakwe needed or should have received a continuance longer than the roughly two months he had specifically requested in his motion. The district court's July 8, 1993, order gives no indication that the court had considered an indefinite continuance beyond July 27, 1992, as serving the ends of justice or, if so, why. Nor is there any indication that the district court ever held (or scheduled) a hearing or otherwise sought or received any more specific information concerning the appropriate duration of the continuance. In short, there is nothing in the record to justify a continuance beyond the July 27, 1992, date proposed in Amakwe's motion, and in any event no more than that portion of the continuance can justifiably be excluded from the Act's seventy-day period. Accordingly, seventy non-excludable days elapsed before trial, and the indictment should have been dismissed on that basis. *Cf. United States v. Crawford*, 982 F.2d 199, 204-05 (6th Cir. 1993) (dismissing the indictment where the district court silently granted an ends-of-justice continuance without specifying or approximating its length).

We do not mean to suggest, however, that a district court never has the authority to grant an open-ended continuance, merely

8

that such a continuance for any substantial length of time is extraordinary and must be adequately justified by the circumstances of the particular case.[10] *See Lattany*, 982 F.2d at 881-82 (holding that open-ended continuances are permissible insofar as they are reasonable). There will be some situations in which it is impossible, or at least quite difficult, for the parties or the court to gauge the length of an otherwise justified continuance. As the First Circuit has stated, although

> "it is generally preferable to limit a continuance to a definite period for the sake of clarity and certainty[,] . . . at the same time it is inevitable that in some cases . . . a court is forced to order an (h)(8) continuance without knowing exactly how long the reasons supporting the continuance will remain valid." *Rush*, 738 F.2d at 508.[11]

In such circumstances, the district court may decide to continue the trial indefinitely, at least until the defendant or the government is able to propose a more specific trial date or until

---

[10]    The Circuits are split over the question whether open-ended continuances are permissible under the Speedy Trial Act. Whereas in the First and Third Circuits, for example, open-ended continuances are permissible so long as they are ultimately reasonable in length, *United States v. Lattany*, 982 F.2d 866, 880-83 (3d Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1995); *United States v. Rush*, 738 F.2d 497, 508 (1st Cir. 1984), *cert. denied*, 105 S.Ct. 1355 (1985), the Ninth Circuit, and apparently only the Ninth Circuit, has assumed a stricter stance, requiring the dismissal of any continuance that is not "specifically limited in time." *See United States v. Jordan*, 915 F.2d 563, 565-66 (9th Cir. 1990).

[11]    In *Rush*, for instance, the district court had explicitly granted an open-ended continuance because a trial of several co-defendants was taking place in another jurisdiction. *Rush*, 738 F.2d at 506. As the reason for the continuance, the pending trial, was of uncertain duration, so too, necessarily, was the continuance itself.

9

there exists enough additional information for the district court to set one.

Nothing in the record of this case, however, establishes the need for, or even the desirability of, an indefinite continuance with an ultimate duration anywhere near as long as that here. Amakwe's own motion implies that he needed the trial continued only until July 27, 1992, more than a year earlier than the ultimate trial date of September 8, 1993. Indeed, not only does the record not justify an open-ended continuance, it also reflects that the indefiniteness and duration resulted from oversight rather than deliberation. Given these particular circumstances, we hold that the indictment should have been dismissed for excessive pre-trial delay.

We remand the case for the district court to vacate Jones's conviction and to determine whether the dismissal should be with or without prejudice under 18 U.S.C. § 3162(a)(2). *Blackwell*, 12 F.3d at 48. Although we now see no reason why the dismissal in this case should not be without prejudice, the district court should consider this question in the first instance. *See United States v. Johnson*, 29 F.3d 940, 945-46 (5th Cir. 1994); *United States v. Peeples*, 811 F.2d 849, 850 (5th Cir. 1987).

## Conclusion

The judgment of the district court is reversed, and the case is remanded with instructions to vacate the conviction and dismiss the indictment, either with or without prejudice.

REVERSED and REMANDED

10