**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-50329
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW CLYDE PARSONS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-97-CR-71-1)

May 19, 1999

Before REAVLEY, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Andrew Clyde Parsons appeals the district court's denial of his motion to dismiss all charges

due to a violation of the Speedy Trial Act, 18 U.S.C. § 3161.  We vacate and remand.

On May 13, 1997, a federal grand jury returned a ten-count indictment against Parsons,

relating to two separate arsons.  On May 15, Parsons appeared before a magistrate judge.  On June

10, the grand jury returned a superseding indictment, which altered the original indictment by both

increasing the loss amount on two of the counts and including a forfeiture provision.  The court

ordered the trial for Parsons's arsons to begin on August 25 — 101 days after Parson appeared

---

   *   Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

before the magistrate judge. On the morning of that day, Parsons filed a motion to dismiss the indictment due to a violation of the Speedy Trial Act. The district court denied the motion. A jury convicted Parsons on all counts. Parsons has timely appealed.

We review the factual findings supporting a Speedy Trial Act ruling using the clearly erroneous standard and review the legal conclusions *de novo*. *See United States v. Grosz,* 76 F.3d 1318, 1332 (5th Cir.1996). The Speedy Trial Act generally requires that the trial of a defendant "shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Government has conceded that Parsons was not tried within seventy days of either his first appearance on the original indictment or the filing of the superseding indictment.

The Government contends, however, that the district court's order resetting the trial date, after the return of the superseding indictment, should be construed as a continuance that tolled the Speedy Trial Act clock. *See* 18 U.S.C. § 3161(h)(8) (excluding a delay from a continuance from the seventy-day period). We are unpersuaded by the Government's argument. The Government concedes that the district court did not comply with the requirements of § 3161(h)(8). *See id.* (stating that a delay from a continuance is not excludable unless the court sets forth in the record, either orally or in writing, its reasons for finding that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial). We cannot regard the district court's order as satisfying the Act's "ends of justice" requirement. *See United States v. Blackwell,* 12 F.3d 44, 46 (5th Cir. 1994) (explaining that an "ends of justice" continuance requires on-the-record findings); *cf. United States v. Williams,* 12 F.3d 452, 460 (5th Cir. 1994) (declining to find that failure to articulate reasons constituted reversible error where "the district court's reasons for granting the continuance are clear and justified"). Moreover, we disagree with the Government's contention that dismissal is inappropriate because Parsons did not alert the court of the Speedy Trial Act violation until the day of trial. We do not find that the defendant has waived his rights under the Speedy Trial Act by failing

to alert the court of such a violation prior to the expiration of the seventy-day time period. *See Blackwell,* 12 F.3d at 47 (stating that a defendant may not waive his right to a speedy trial).

Parsons was not brought to trial within seventy days, and thus dismissal is required. *See* 18 U.S.C. 3162(a)(2). We have stated that "the trial court is best suited to decide whether to dismiss indictments with or without prejudice in light of a Speedy Trial Act violation." *United States v. Alford,* 142 F.3d 825, 830 (5th Cir. 1998) (citation omitted); *see also* 18 U.S.C. § 3162(a)(2) (articulating factors that a court should consider in determining whether to dismiss the case with or without prejudice). We therefore VACATE and REMAND to the district court so that it may determine whether the indictments should be dismissed with or without prejudice.