IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-1066

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWELL C. WILLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

(March 26, 1992)

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Two years after his indictment, Howell C. Willis was tried and convicted of two counts of attempting to evade and defeat income tax and two counts of failing to file an income tax return. He argues that the district court erred in failing to dismiss his indictment because the delay in his trial violated the Speedy Trial Act, 18 U.S.C. § 3161 et. seq. We agree and reverse his convictions.

I.

The Speedy Trial Act requires close attention to the number of days elapsing between indictment and trial. Willis was indicted on November 16, 1988, and made his first appearance before a

magistrate on November 18.  At this appearance, Willis waived his right to counsel and announced his intention to proceed pro se.  It is undisputed that the clock began to run on November 18, 1988.  18 U.S.C. § 3161(c)(1).

Twenty-four days then passed which were includable in time elapsed under the Act.  On December 12, 1988, Willis stopped the clock with motions to dismiss the indictment.  It is conceded that the days while these motions were under consideration by the district court were excluded under the Act.  18 U.S.C. § 3161(h)(1)(F).  The district ruled on the motions on February 16, 1989.  Eleven days passed with no motions pending.

On February 27, 1989, Willis filed a motion to have counsel appointed and for time to prepare for trial.  On March 13, 1989, the court held a hearing on these motions.  The district court, having apparently miscalculated the number of days remaining, advised Willis that the price of additional time to prepare for trial was waiver of his rights under the Speedy Trial Act.  The court said "Now, in order to grant your request for a continuance, you have to give up your right to a speedy trial.  Otherwise we need to start the trial today."  Willis, who was still unrepresented by counsel, agreed to waive his speedy trial rights.

On the basis of this waiver, the district court granted a continuance for a minimum of thirty days, continuing until Willis indicated he was ready for trial.  Three days after the hearing, Willis filed a motion which the district court denied on March 31.  A period of 79 days then elapsed with no motions pending.

2

In July 1989, the district court became concerned about the validity of Willis's waiver of his speedy trial and requested that one of the parties move for a continuance under 18 U.S.C. § 3161(h)(8). Continuances granted under § 3161(h)(8) suspend the accrual of delay under the Act where the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." On July 19, Willis filed pretrial motions. On August 1, the district court granted a § 3161(h)(8) continuance after making the appropriate findings.

On March 13, 1990, Willis moved to dismiss the indictment against him on the ground that the 70-day period for his trial to be commenced had expired under the Speedy Trial Act. The district court denied the motion, concluding that the 79-day delay between March 13 and August 1, 1989, was excludable by Willis's waiver of his speedy trial rights. If the 79-day period is excluded only 35 days would have elapsed for purposes of the Act. Willis was tried and convicted after a trial beginning on October 29, 1990, almost two full years after his indictment.

## II.

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires that federal defendants be tried within 70 days of their indictment or their first appearance before a judicial officer. 18 U.S.C. § 3161(c)(1); United States v. Kington, 875 F.2d 1091, 1107 (5th Cir. 1989). The Act provides that the accrual of the 70 days will be tolled under particular circumstances, such as when motions are

pending before the district court or during a continuance where the district court finds on the record that the ends of justice outweigh the interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8).

Much of the delay in bringing Willis to trial falls within one of these two major exceptions to the computation of time under the Act. The period which is the focus of the dispute here is the 79 days immediately following Willis's purported waiver of his speedy trial rights. The district court excluded the 79-day period from consideration because it "was occasioned by Willis's waiver of his rights," relying upon United States v. Pringle, 751 F.2d 419, 434-35 (1st Cir. 1984).

In Kington, we joined all the other circuits which have addressed the question in recognizing that the provisions of the Speedy Trial Act are not waivable by the defendant. 875 F.2d at 1107. See also Pringle, 751 F.2d at 434-35. United States v. Kucik, 909 F.2d 206, 211 (7th Cir. 1990); United States v. Berberian, 851 F.2d 236, 239 (9th Cir. 1988); United States v. Ray, 768 F.2d 991, 998 (8th Cir. 1985). The Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved. Allowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice. In the vast majority of cases, the defendant will be quite happy to delay the final determination of his guilt or innocence. The Act's central intent to protect society's interests requires that a defendant's

4

purported waiver of his rights under the Act be ineffective to stop the speedy trial clock from running. Therefore, the 79-day period of delay occasioned by Willis's waiver is includable in the calculation of delay under the Act, bringing the total in this case to 114 days. The more vexing question, upon which we reserved comment in Kinqton, is whether Willis can take advantage of this delay to attain the dismissal of his indictment.

Dismissing an indictment is a sharp remedy, and we have been reluctant to impose it where the defendant has induced the district court to misapply the Act and then relies upon that error to seek dismissal. United States v. Eakes, 783 F.2d 499, 503 (5th Cir. 1986). In Eakes, the district court erroneously concluded that the Act required a 30-day waiting period because the defendants had been arraigned on a new superseding indictment. The defendant was offered the opportunity to go to trial, but preferred to assert his right to the 30-day delay. This court concluded that the district court erred in granting the continuance. Nonetheless, we held that the defendant was not entitled to the dismissal of the indictment because he had requested that the judge interpret the Act to require a 30-day continuance in his case. Where the defendant has successfully convinced the trial court that a continuance is appropriate under a provision of the Act and then later seeks to argue that the district court's ruling on the applicability of the exception was erroneous, "[w]e decline to apply a hypertechnical construction to the language of the Act" and will determine whether the continuance would have been appropriate under § 3161(h)(8).

5

783 F.2d at 504. As we recognized in Eakes, allowing defendants to sandbag the district court would encourage harmful strategic behavior and straightjacket the district court in ruling under the Act. Id.

We expressly reserved in Kington the question of whether to extend this exception to delays attributable to defendants' purported waivers of their rights under the Act when requesting a continuance. Other courts have adopted the broad principle that the defendant's participation in requesting a continuance prevents him from relying upon that time period for a dismissal. Pringle, 751 F.2d at 434; United States v. Kucik, 909 F.2d 206, 211 (7th Cir. 1990) (where a defendant actively participates in obtaining a continuance, he may not rely upon that period to support dismissal). We decline to follow this path.

In Kington, we called sensible the Pringle maxim that "defendants ought not to be able to claim relief on the basis of delays which they themselves deliberately caused." 875 F.2d at 1108. This sensible maxim must not be taken too far. The major concern of the Pringle court was that a defendant not be able to have it both ways by convincing the district court that delay was appropriate and then using that delay to obtain a dismissal. The court explained its reasoning as follows:

> "if we were to find that the delay caused by the waiver did not stop the speedy trial clock, then we would be rewarding the defendants by enhancing their chances of dismissals. In essence, defendants would have successfully worked both sides of the street, lulling the court and prosecution into a false sense of security only to turn around later and use the waiver-induced leisurely pace of the case as grounds for dismissal.

_Pringle_, 751 F.2d at 434.  We agree that the defendant should not be allowed to argue one legal theory or characterization of facts to obtain a continuance and then argue that the district court's ruling was erroneous to seek dismissal under the Act.

A district court is not sandbagged or otherwise misled, however, by a defendant's simple request for or acquiescence in a continuance and its own insistence upon a waiver.  Our holding that the provisions of the Act are non-waivable would be meaningless if we adopted the rule that the defendant waives his ability to move for dismissal of the indictment simply by asking for or agreeing to a continuance.  It is the responsibility of the district court to ensure that a request for a continuance in a criminal case which threatens to delay trial past the 70-day mark falls within one of the Act's exceptions.  Congress's intent in providing for the dismissal sanction was "to serve as a deterrent for the failure of the United States Attorney <u>or the court</u> to comply with the Act." _Pringle_, 751 F.2d at 434 (emphasis added).  District courts must take seriously the dictates of the Speedy Trial Act in the day-to-day operations of their courtrooms both when setting trial dates and when ruling on continuances. District courts may not under the daily pressures of a docket avoid these congressionally mandated strictures by creating judicial exceptions which swallow the rule. The Act contains potential sanctions against lawyers who delay trials, but a dismissal of the indictment is by far its most effective enforcement mechanism and the only one which operates where the court is responsible for the violation.   18 U.S.C.

7

§ 3162. If Congress is troubled by the effects of the dismissal remedy in these cases, it may provide an additional exception under the Act for continuances requested by defendants. Until that time we are bound by the provisions of the Act.

In short, we hold that dismissal of an indictment is inappropriate when a defendant requests a continuance under an erroneous interpretation or application of one of the Act's provisions and the district court simply errs in its application of the Act to the defendant's request. In those cases, as in Eakes, we will look to the circumstances surrounding the continuance and ask whether the district court could have granted a § 3161(h)(8) continuance. If so, we will treat the time as an excludable continuance. Dismissal will be appropriate where the district court grants a continuance based solely upon a defendant's "waiver" without identifying an applicable exception or performing an ends of justice analysis under § 3161(h)(8).

The district court did not attempt to determine whether the defendant's waiver of his rights under the Act was a statutory exception and did not perform an ends of justice analysis. The court was not misled or sandbagged by Willis. It induced a "waiver" and then asked the defendant to advise the court when he was ready for trial. Predictably, that date was long in coming.

Willis did not go to trial within 70 days of the defendant's appearance before a magistrate, even when all excludable days are disregarded. The Act mandates that in such circumstances "the information or indictment shall be dismissed on motion of the

8

defendant."  18 U.S.C. § 3162(a)(2).  Accordingly, the district court erred in failing to grant the motion to dismiss Willis's indictment.

The dismissal of an indictment required by the Act may be either with or without prejudice.  18 U.S.C. § 3162(a)(2).  In making this decision, the court "shall consider, among others, each of the following factors:  the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  Id.  The district court is best situated to decide whether to dismiss with prejudice.  We reverse the convictions for violation of the Speedy Trial Act but leave to the district court the nature of that dismissal.

Willis also argues on appeal that his conviction is barred by the Paperwork Reduction Act of 1980, 44 U.S.C. § 3501.  This argument is foreclosed by this court's decision in United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991).  See also United States v. Neff, 954 F.2d 698 (11th Cir. 1992); United States v. Wunder, 919 F.2d 34 (6th Cir. 1990).  We need not address Willlis's other arguments on appeal.  The judgment of the district court is REVERSED and the case is REMANDED to allow the district court to decide whether the dismissal shall be with prejudice.