**UNITED STATES of America**

v.

**Sue Taylor BARNES.**

**Crim. No. 4:93–CR–138–Y.**

United States District Court,
N.D. Texas,
Fort Worth Division.

May 26, 1994.

John Bradford, Fort Worth, TX, for plaintiff.

Eugene X. Martin, III, Dallas, TX, for defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

MEANS, District Judge.

Pending before the Court is Defendant's motion to dismiss indictment, filed May 11, 1994. After careful consideration of said motion, the response thereto, and the applicable law, the Court finds that the motion should be DENIED.

### FACTS

On December 7, 1993 defendant BARNES was indicted in this district for filing a false statement with a bank insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 1014. She appeared before a U.S. Magistrate Judge on December 17, 1993 in the Eastern District of Texas, and was released on bond. On January 3, 1994, she was arraigned in this district. The Court issued a scheduling order that set the case for trial on February 28, 1994.

No pretrial motions were filed until February 14, 1994. On that date, defense counsel and the Assistant U.S. Attorney assigned to this case visited the Court in chambers to present the defendant's unopposed motion to continue the trial. As described in the motion filed with the Court, defense counsel E.X. Martin ("Martin") explained that he had not had sufficient time to become familiar with the facts of the case and to locate and prepare witnesses necessary to the defense. Counsel further explained that the FBI agent on the case had recently given birth and was therefore unable to supply all the necessary discovery materials. Claiming that at least 30 additional days were needed to prepare the case, counsel stated that "Defendant waives her right to move for dismissal of the above captioned and numbered cause under the Speedy Trial Act during the

period covered by this requested continuance." Defense counsel offered a proposed order granting the agreed motion, which the Court signed. The order provides, in its entirety: "It is the ORDER of this Court that the Motion For Continuance And Waiver of Speedy Trial Act is hereby GRANTED. Trial is hereby reset for Monday, May 23, 1994, at 2:00 p.m.[1]"

On May 11, 1994, the defendant filed her Motion to Dismiss Indictment for Violation of the Speedy Trial Act. In response to the defendant's request, the Court again met privately with counsel. Martin represented that at the time he tendered the form of order of continuance to the Court he was not aware of the requirement that the ends-of-justice findings appear on the record. He further explained that even though he had implored the Court for a continuance in order to benefit his client and even though he had led the Court into what he believed to be error, he believed he now had an obligation to move the Court to dismiss the charges against his client, and feared if he did not do so his client might later charge him with ineffective assistance. Somewhat surprisingly, given what the Court has learned about Fifth Circuit case law on the subject, AUSA John Bradford shared Martin's concern that had defense counsel not moved to dismiss, any conviction obtained under this indictment would be vulnerable to an ineffective assistance of counsel claim.[2] The Court told counsel that it did not believe that it was necessary to dismiss the indictment, and later notified them by telephone that the motion to dismiss would in fact be denied.

---

1. The second sentence of the order was added by the Court.

2. The Court cannot fathom how the failure to make a motion to dismiss which, if granted at all, would under these circumstances certainly have been granted without prejudice, could constitute ineffective assistance of counsel. In fact, if the Court were to so dismiss, the defendant would, as government counsel admits, be reindicted. Her trial on identical charges would then have been some months later than it will be pursuant to this order. The defendant's and the public's interest in a speedy trial would thus be farcically disserved.

## THE LAW

The Sixth Amendment preserves to an individual accused of a crime the right to a speedy trial. In addition, the Speedy Trial Act ("the Act") requires that criminal defendants pleading not guilty must be tried within 70 days. See 18 U.S.C. § 3161(c)(1). However, Congress excluded certain periods of delay from the calculation of the 70 days, including especially the duration of continuances granted upon a finding that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. See id. § 3161(h)–(8)(A). The facts supporting such a finding must be set forth in the record of the case, either orally or in writing. Id. The statute "is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved." United States v. Willis, 958 F.2d 60, 63 (5th Cir. 1992).

The Fifth Circuit has made clear that the provisions of the Speedy Trial Act are not waivable by the defendant. See id. (citing United States v. Kingston, 875 F.2d 1091, 1107 (5th Cir.1989)). Thus, a "defendant's purported waiver of his rights under the Act [is] ineffective to stop the speedy trial clock from running." Id. at 62. Although other circuits do not allow a defendant who actively participates in obtaining a continuance to count the days of the continuance against the 70–day limit and to demand dismissal if that period causes trial to begin after 70 days, the Fifth Circuit has expressly declined to deem a defendant so estopped under those circumstances. Willis, 958 F.2d at 63 (declining to follow the First and Seventh Circuits).[3]

---

3. If estoppel were permitted by the Fifth Circuit, this would be the case for it. Defendant's counsel gained access to the Court in chambers as he has on various prior occasions and begged a continuance based on the factors recounted in this opinion. Too trusting, the Court agreed, took defense counsel's order from his hand, and signed it on the spot. The Court's own order would have contained the usual interests-of-justice analysis. Where a court continues a case only after making the considerations required by the Act, a defendant should be estopped from asserting the defects of his own order.

■ Thus, irrespective of the defendant's waiver and her motion for a continuance in the instant case, the record must reflect why granting the continuance serves the ends of justice. The facts set out in the defendant's motion for continuance comprise a part of the record, and they support the exclusion of the continuance time. The Act excludes delay where the failure to grant a continuance would deny defendant's counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(8)(B)(iv). The whereabouts of necessary witnesses and the inability to review materials under someone else's control are circumstances beyond the control of defense counsel and could not be cured by his diligence. As the reasons for the Court's granting of the continuance on February 14, 1994 are patent, it has complied with the Speedy Trial Act.

A recent Fifth Circuit case holds that "[a]lthough § 3161(h)–(8)(A) requires an 'ends of justice analysis' reflected in the record for every continuance granted, we explained in *United States v. Eakes* [783 F.2d 499 (5th Cir.1986) ] that reversal is not in order when the reasons for a continuance are patent." *See United States v. Williams,* 12 F.3d 452, 460 (5th Cir.1994). In *United States v. Williams,* the court further held that even where the district court failed to make *any* ends-of-justice findings in the record, no reversible error was committed because the court's reasons for continuing the case "undoubtedly were those outlined by the government in its motion." *See id.* The court so held despite an opinion issued by a different panel of the same court one week earlier, which stated in dicta that the Speedy Trial Act requires ends-of-justice findings on the record and contemporaneous with the granting of the continuance. *See United States v. Blackwell,* 12 F.3d 44, 47 (5th Cir.1994). Notably, the Act contains no such requirement of contemporaneousness.

■ Moreover, at least seven other U.S. courts of appeals have found that district courts are not required to state findings at the time a continuance is granted, so long as the findings stated later actually were the factors motivating the decision to grant the continuance. *See United States v. Crawford,* 982 F.2d 199, 204 (6th Cir.1993); *United States v. Rush,* 738 F.2d 497, 507 (1st Cir. 1984) (cited with approval by the Fifth Circuit in *Williams,* 12 F.3d at 460 n. 37), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985); *United States v. Bryant,* 726 F.2d 510, 511 (9th Cir.1984); *United States v. Brooks,* 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983); *United States v. Clifford,* 664 F.2d 1090, 1095 (8th Cir.1981); *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980); *United States v. Janik,* 723 F.2d 537, 544–45 (7th Cir.1983) (dicta) (ends-of-justice findings need not be contemporaneous with grant of continuance). It follows that a district court may state its ends-of-justice findings in an order denying a motion to dismiss the indictment. *Crawford,* 982 F.2d at 204 (dicta); *see United States v. Richmond,* 735 F.2d 208, 216 (6th Cir.1984) (dicta); *but see Janik,* 723 F.2d at 544–45 (dicta) (waiting until asked to dismiss indictment to enter findings is disfavored). In addition, courts have considered the defendant's motion complementary to the court's order, making it unnecessary "for the court to articulate the basic facts where they are obvious and set forth in a motion for a continuance." *See Rush,* 738 F.2d at 507; *see also Williams,* 12 F.3d at 460; *United States v. Mitchell,* 723 F.2d 1040, 1044 (1st Cir.1983).

■ Thus, overwhelming authority absolves this Court from dismissing the indictment against the defendant in this cause simply because it did not enter its ends-of-justice analysis at the time the continuance was granted. The findings entered in this order make it clear that the Court properly considered the ends of justice and other statutorily required factors when it continued the case and therefore it comported with the requirements of the Speedy Trial Act. Accordingly, the defendant's motion to dismiss is DENIED.

SO ORDERED.