**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 94-40082
and
No. 94-40083

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN R. JACKSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

(August 16, 1994)

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Jackson was indicted for manufacturing marijuana, possessing an illegal firearm, and using a firearm in relation to a drug trafficking offense. The indictment was filed on July 25, 1991, and became Case No. 91-10008-01 in the Western District of Louisiana. The court set trial to begin on October 26, 1992. Jackson moved to quash the indictment because the government had failed to prosecute his case in accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). The government conceded the validity

of Jackson's motion but argued that any dismissal should be without prejudice. The district court treated Jackson's motion to quash as a motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(a) and dismissed the case without prejudice in October 1992. The court, however, provided little insight as to the basis for its conclusion. It simply listed the factors the Speedy Trial Act requires courts to consider when dismissing indictments and stated that it had "considered all relevant facts in light of the factors set forth" in the Act.

Jackson moved the district court to amend its judgment to dismiss the case "with prejudice." Jackson argued that the district court erred in dismissing the indictment without prejudice because the court did not sufficiently articulate the reasons for its ruling, as required by the Speedy Trial Act. In <u>United States v. Willis</u>, 958 F.2d 60, 64 (5th Cir. 1992), we noted that the Speedy Trial Act requires district courts to consider certain factors in determining whether to dismiss an indictment with or without prejudice for violation of the Act. The factors are the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. <u>Id</u>. at 64 (citing 18 U.S.C. § 3162(a)(2)).

After the district court denied Jackson's motion to amend in November 1992, he timely appealed the dismissal without prejudice. In June 1993, we dismissed the appeal for lack of jurisdiction

2

because appellate review of a dismissal without prejudice must await final judgment after re-indictment. <u>United States v. Jackson</u>, No. 92-5182 (5th Cir. June 24, 1993) (citing <u>United States v. Welborn</u>, 849 F.2d 980, 984 n.3 (5th Cir. 1988) ("A dismissal without prejudice is not a `final judgment' for purposes of 28 U.S.C. § 1291 and ordinarily does not fall within the collateral order exception. Appellate review of a dismissal without prejudice must therefore await a final judgment entered after re-indictment.")).

Meanwhile, on November 4, 1992, Jackson was reindicted on the same counts: manufacturing marijuana, possessing an illegal shotgun, and carrying a firearm in relation to a drug trafficking crime. The indictment was filed in the same district court and became Case No. 92-10022-01. Jackson never moved to dismiss the 1992 indictment on the grounds that the 1991 indictment should have been dismissed with prejudice. Instead, in November 1993, Jackson entered a guilty plea to the marijuana count of the 1992 indictment. The plea agreement, however, contained the following language:

> In consideration of said plea, the Government acknowledges that said plea is a conditional plea, as set forth in Rule 11(a)(2), Federal Rules of Criminal Procedure, and that Defendant reserves his rights to appeal the Court's adverse ruling as to JOHN R. JACKSON'S Motion to Dismiss and, should such appeal be successful, Defendant shall be allowed to withdraw his guilty plea, the Court shall then reinstate the Indictment which was dismissed and speedy trial requirements will start anew from the date of the Indictment being reinstated.

The district court sentenced Jackson to six months of imprisonment and suspended the sentence in January 1994.

3

Jackson then appealed. His notice of appeal states that he is appealing "the order dismissing his indictment without prejudice. Said order was entered in this action on the 5TH day of November, 1992 with final Judgment and sentence imposed January 13, 1994." Jackson, however, drafted the notice as an appeal from the <u>first</u> case, i.e., case number 91-10008-01, and filed it with the court on January 18, 1994. The notice also was filed on January 20, 1994, as an appeal from the <u>second</u> case, i.e., case number 92-10022-01.[1] Jackson, in effect, has attempted to appeal both cases.

## I.

We obviously are barred from reconsidering Jackson's appeal of the first case. The notice of appeal was filed in January 1994, more than year after the district court denied his motion to amend. Pursuant to federal rules, Jackson had ten days to file his appeal, <u>see</u> FED. R. APP. P. 4(b), which he clearly exceeded. We additionally note that, even if Jackson's appeal had been timely, we simply would have reiterated what we said in June 1993: appellate review of a dismissal without prejudice must await final judgment after re-indictment. We therefore must dismiss appeal number 94-40082, which relates to the 1991 indictment.

---

[1]It is unclear from the record who filed the notice with the second case. The notice clearly was drafted as an appeal from the first case because "CRIMINAL DOCKET NO. 91-10008-01" is legibly typed at the top. The notice contained in the record for the second case, however, has been doctored by hand to specifically reference the second case number.

We now address his appeal from the second case, which is appeal number 94-40083.  Jackson now argues that, when the district court dismissed his indictment without prejudice in the first case, the court abused its discretion by not elaborating on the reasons for its conclusion.  We note that Jackson's argument is a legitimate one.  In discussing whether to dismiss an indictment with or without prejudice, a district court cannot gloss over the factors spelled out in the Speedy Trial Act.  In <u>United States v. Taylor</u>, 487 U.S. 326 (1988), the Supreme Court specifically defined the district courts' duties in dismissing indictments pursuant to the Speedy Trial Act.  The Court stated:

> Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, <u>whatever its decision, clearly articulate their effect in order to permit meaningful appellate review</u>.  Only then can an appellate court ascertain whether a district court has ignored or slighted a factor that Congress has deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress.

<u>Id</u>. at 336-37 (emphasis added).

The district court below clearly failed to comply with the Supreme Court's instructions in <u>Taylor</u>.  The district court's terse comment that it had "considered all relevant facts in light of the factors set forth in the" Act affords us no material to gauge the appropriateness of its ruling.  The court erred.[2]

---

[2]Jackson, and the government, believe that that alleged error is reviewed for abuse of discretion.  The abuse of discretion standard would apply if Jackson conceded that the court adequately stated its <u>Willis</u> findings and challenged only

We conclude, however, that Jackson has waived his right to dismissal of the second indictment. The Speedy Trial Act expressly states that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). While Jackson properly moved for dismissal of the 1991 indictment, he <u>never</u> moved for dismissal of the 1992 indictment. Jackson should have moved for dismissal of the 1992 indictment prior to his entry of the conditional guilty plea to one count in that indictment. Had he done so, he could have then argued, as he does now before us, that the district court erred in dismissing the first indictment without prejudice and that the district court should correct that error by dismissing the second indictment with prejudice. This would have permitted the district court to re-address the issue of compliance with the Speedy Trial Act, as interpreted by the Supreme Court in <u>Taylor</u>. Jackson, however, failed to do that, and, pursuant to the Speedy Trial Act, he waived his rights. We therefore must dismiss appeal number 94-40083, which relates to the 1992 indictment.

---

its decision to dismiss the indictment without prejudice. <u>See, e.g.</u>, <u>United States v. Cobb</u>, 975 F.2d 152, 157 (5th Cir. 1992); <u>United States v. Melquizo</u>, 824 F.2d 370, 371-72 (5th Cir. 1987). But that is not the gist of Jackson's appeal. Instead, he is arguing that the district court failed to comply with dictates of the Speedy Trial Act. The court's compliance, or failure to comply, with the Act is strictly a matter of law. We therefore review such proceedings de novo. <u>Taylor</u>, 487 U.S. at 337 ("A judgment that must be arrived at by considering and applying statutory criteria, however, constitutes the application of law to fact and requires the reviewing court to undertake more substantive scrutiny to ensure that the judgment is supported in terms of the factors identified in the statute.").

6

### III.

Jackson's two appeals are DISMISSED.