IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50443
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO PADRON-STEELE, also known as Pete,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-2084-7-DB
--------------------
January 7, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Padron-Steele ("Padron") appeals his conviction following a jury trial. Padron was convicted on four counts of possession of marijuana with intent to distribute it and one count of conspiracy to possess 1000 kilograms of marijuana with intent to distribute it. Padron argues that the district court erred when it denied his motion to dismiss his indictment for a violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Speedy Trial Act requires that a federal defendant be tried within 70 non-excludable days of the filing of his indictment or his appearance before a judicial officer, whichever comes later.  18 U.S.C. § 3161(c)(1).  Numerous time-period exclusions are available under the Speedy Trial Act.  See 18 U.S.C. § 3161(h).

Padron's trial began over a year after he was indicted.  The district court concluded that many of the delays Padron experienced were excluded under the Speedy Trial Act.  Padron's case was continued under the ends-of-justice provision of the Act, 18 U.S.C. § 3161(h)(8), from February 2, 2001, through June 4, 2001, and from July 6, 2001, through October 15, 2001.  The periods from October 15, 2001, through October 23, 2001, and again from October 30, 2001, through December 5, 2001, were excluded under 18 U.S.C. § 3161(h)(1)(I), which allows for exclusion of time periods in which the court considers a proposed plea agreement.  The period from October 23, 2001, to October 30, 2001, was excluded under 18 U.S.C. § 3161(h)(1)(F), which allows delays from pretrial motions to be excluded.

On December 5, 2001, Padron advised the court that he no longer wished to plead guilty.  As a result, the district court entered an order setting trial for February 11, 2002.  Padron argues that the 67-day period from December 6, 2001, through February 11, 2002, was non-excludable under the Speedy Trial Act. The district court determined that this period was excludable

under 18 U.S.C. § 3161(h)(1) as a period of delay resulting from other proceedings concerning the defendant. "The Speedy Trial Act entitles criminal defendants to adequate time for preparing a defense, but that right may not be used as a two-edged sword." United States v. Westbrook, 119 F.3d 1176, 1188 (5th Cir. 1997); see also United States v. Willis, 958 F.2d 60, 63 (5th Cir. 1992); United States v. Maynie, 257 F.3d 908, 914 (8th Cir. 2001), cert. denied, 534 U.S. 1151 (2002), and cert. denied, 122 S. Ct. 1333 (2002); United States v. Mentz, 840 F.2d 315, 330 & n.30 (6th Cir. 1988). The district court did not err in concluding that the delay caused by Padron's plea vacillations was excludable under the Speedy Trial Act. A review of the record convinces us that only 41 days in that period were non-excludable. Thus, Padron's trial comported with the Speedy Trial Act.

Padron also argues that the evidence admitted at his trial was insufficient to support his conspiracy and possession convictions. In reviewing the sufficiency of the evidence, this court "consider[s] the evidence in the light most favorable to the verdict, drawing all reasonable inferences in favor of the verdict." United States v. Cathey, 259 F.3d 365, 368 (5th Cir. 2001) (footnote omitted).

In order to sustain a conviction for conspiracy to possess with the intent to distribute marijuana, the government must prove 1) the existence of an agreement to possess marijuana with

the intent to distribute it, 2) the defendant knew of the conspiracy, 3) the defendant intended to join the conspiracy, and 4) the defendant participated in the conspiracy. United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th cir. 2002). To sustain a conviction for possession of marijuana with the intent to distribute it, the Government must prove that the defendant had (1) knowing (2) possession of marijuana (3) with intent to distribute it. United States v. Reyes, 300 F.3d 555, 559 (5th Cir. 2002). Padron's convictions should be affirmed "if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt." United States v. Mackay, 33 F.3d 489, 493 (5th Cir. 1994) (quoting United States v. Castro, 15 F.3d 417, 419 (5th Cir. 1994)).

The jury heard from one of Padron's co-conspirators, Robert Nunez, who testified that Padron supplied him with large quantities of marijuana for resale. Evidence was introduced through the testimony of a DEA agent, an El Paso police officer, and a DEA intelligence analyst regarding their surveillance of Padron and Nunez. Numerous wiretap recordings were played for the jury to support the testimony of Nunez and the peace officers.

Considering the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient for reasonable jurors to convict Padron for the conspiracy count and

the four counts of possession of marijuana with the intent to distribute it.  Because Padron's convictions were supported by the evidence and there was no Speedy Trial Act violation, Padron's conviction is AFFIRMED.