**UNITED STATES of America,**
**Plaintiff,**

v.

**Lea W. FASTOW, Defendant.**

**No. CR. H–03–150.**

United States District Court,
S.D. Texas,
Houston Division.

June 25, 2003.

Andrew Weissmann, U.S. Dept. of Justice, Criminal Div./Fraud Sec., Washington, DC, for Plaintiff.

Lea W. Fastow, Houston, TX, Pro se.

Andrew L. Jefferson, Jr., Attorney at Law, Houston, TX, Nanci L. Clarence, Clarence, Snell, et al., San Francisco, CA, for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is Defendant Lea W. Fastow's Motion to Schedule Trial to Obtain Exculpatory Testimony (Document No. 22). Having considered the motion, submissions, and applicable law, the Court determines that Defendant's motion should be denied.

On April 30, 2003, the United States of America filed a 6–count indictment against Lea Fastow, charging her with conspiracy to commit wire fraud and defraud the United States, money laundering conspiracy, and four counts of filing a false income tax return. These charges allegedly occurred while Lea Fastow held various positions at Enron Corporation and related to schemes to defraud Enron and its shareholders, as well as the United States. The indictment alleges that both Michael Kopper and Andrew Fastow, Enron's Chief Financial Officer and Lea Fastow's husband, were coconspirators in the alleged activities.

Andrew Fastow is separately charged in a 109–count superseding indictment, together with Ben F. Glisan, Jr., a former Arthur Andersen accountant and former Enron Treasurer, and Dan Boyle, former Vice President in Global Finance of Enron. That indictment alleges numerous violations related to various schemes to defraud Enron, its shareholders, the United States Securities and Exchange Commission, and the investing public. The alleged violations against Mr. Fastow include wire fraud, money laundering, obstruction of justice, conspiracy, and aiding and abetting.

Lea Fastow filed the instant motion on May 21, 2003, requesting that her trial be scheduled to take place after her husband's trial. The Court held a status conference on May 30, 2003, where both the Defendant and the United States addressed some of the issues related to this motion. Mrs. Fastow contends that her husband has exculpatory evidence that is not available through any other witness. Along with the motion, Mrs. Fastow pro-

vided the Court with an affidavit by Andrew Fastow, wherein Mr. Fastow set forth the testimony he would provide in defense of Mrs. Fastow only if her trial took place after his own. Mrs. Fastow filed this affidavit *ex parte* and under seal. In support of her request to schedule her trial after her husband's, Mrs. Fastow points the Court to several cases wherein appellate courts reversed convictions or granted motions for habeas corpus based on a court's failure to allow a severance of a co-defendant and schedule trial so as to allow exculpatory testimony by a co-defendant/witness.

In response, the United States raises several points. First, the Government argues that Mrs. Fastow's motion is defective as a matter of law in that the affidavit by Mr. Fastow was submitted *ex parte,* prohibiting the Government from fully responding to Mrs. Fastow's motion and thus depriving it of an opportunity to be heard in this Court concerning the nature of the proposed testimony. The Government next points out that if the instant motion is granted, Mrs. Fastow's trial will be delayed indefinitely as it will be subject to the scheduling of Mr. Fastow's trial, for which a trial date has not yet been set.[1] Such a delay will infringe on the public's right to a speedy trial as provided by the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174 (2000). Next, the United States argues that the case law cited by Mrs. Fastow, which deals with severance law, does not support her position that her trial should be scheduled after the trial of her husband. The Government further contends that even if the law on severance

were applied, the fact that Mr. Fastow has conditioned his offer to testify on the order in which the trials take place is fatal to Mrs. Fastow's motion in that the putative witness must make an unequivocal offer to testify.

In her reply, Lea Fastow first explains that if the instant motion is granted, there will not, as the United States suggests, be a delay of years. In support of this statement, the Defendant attaches a supplemental affidavit from Andrew Fastow, which explains that he will testify after his own trial, whether he is acquitted or convicted and without waiting for any appeal. Next, Mrs. Fastow argues that the complexity of the case alone warrants a continuance. Finally, Mrs. Fastow argues that while a severance burdens a court by adding a trial, her request simply asks for a certain sequence of trials, which is within the discretion of the Court.

Both the United States and Lea Fastow submitted further briefing. In its surreply, the Government raises the additional argument that Andrew Fastow has already waived his Fifth Amendment rights by filing an affidavit with the Court that he would testify on his wife's behalf if his trial were held first. In response, both Mrs. Fastow and her husband[2] provided the Court with supplemental briefing. In that briefing, Mr. and Mrs. Fastow contend that Mr. Fastow has not waived his Fifth Amendment rights by submitting an affidavit in support of his wife's Motion to Schedule Trial to Obtain Exculpatory Testimony.

■ Even when applying the law of severance to the instant motion, as requested

---

1. The United States also states that at the last status conference in Mr. Fastow's case on May 19, 2003 (before another judge of this district), all defendants objected to the Government's request for a November 2003 trial setting, and that a spring 2004 trial date is anticipated.

2. Although the Court considered the Notice of Authorities in Response to Government's Sur-Reply to Lea Fastow's Motion to Schedule Trial to Obtain Exculpatory Testimony filed by Mr. Fastow, the Court notes that Mr. Fastow's attorneys are not counsel of record in the captioned matter.

by the Defendant, several factors militate against scheduling Mrs. Fastow's trial after that of her husband's.[3] First, the Court is concerned at the prospect of delaying Mrs. Fastow's trial for an indefinite amount of time in order to wait for the trial of her husband. There has yet to be a trial date set in Andrew Fastow's pending case. Additionally, from the information presented to the Court, the earliest probable trial setting in that case is spring of 2004. The Court further understands that Mr. Fastow's trial may last three to four months. Given those estimates, which may be optimistic, if the Court granted Mrs. Fastow's motion to schedule her trial after that of her husband's, her trial would probably not commence until summer or even fall of 2004—one to one and one-half years after she was indicted. That delay alone is unreasonable.

Moreover, the Court cannot be fully assured Mr. Fastow will testify at that point in time. The Court acknowledges the supplemental affidavit provided by the Defendant; however, it cannot serve as a binding guarantee that Mr. Fastow will testify at the conclusion of his trial. As an example, in the event that Mr. Fastow is convicted on one or more counts of the indictment against him, it is probable that there will be an appeal to the United States Court of Appeals for the Fifth Circuit after the completion of the sentencing process. Despite Mr. Fastow's statements that he would testify after the conclusion of his own trial even if he has an appeal pending, his own attorneys, at that time, may strenuously object and strongly advise him not to testify as it might jeopardize his appeal. Mr. Fastow could then conceivably change his mind and elect to follow the advice of his attorneys and not testify. In such event, assuming this Court granted the instant motion, Mrs. Fastow's trial could be delayed for as much as an additional two to four years, allowing for sentencing and appeals to the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.[4] Given these estimates, if Mr. Fastow changes his mind regarding testifying, Mrs. Fastow's trial could be delayed in total anywhere from three to five years until such time that Mr. Fastow would be "available" to testify.

If the Court countenanced such a delay in scheduling a trial (either scheduling the trial of the captioned matter after the conclusion of Mr. Fastow's trial or after sentencing and appeals), it would be in violation of the letter and spirit of the Speedy Trial Act of 1974, which generally provides that a defendant's trial must commence within seventy days of the filing of an

3. The Court notes the Government's position regarding the inapplicability of severance law to the instant motion. However, the Court is assuming *arguendo* that severance law applies as denying a particular sequence of trials may have much the same effect as a denial of a severance; thus, "the standards for reviewing denials of severance provide useful guidance in reviewing a denial for a particular trial order." *Taylor v. Singletary,* 122 F.3d 1390, 1393 (11th Cir.1997) (citing *Byrd v. Wainwright,* 428 F.2d 1017, 1021–22 (5th Cir. 1970)).

4. The Court bases these lengths of time on the estimates provided by the appellate courts themselves. Sentencing of a defendant in the Southern District of Texas, including the completion of the presentence report by the United States Probation Office, typically takes three to four months. Then, a notice of appeal is filed on behalf of the defendant, followed by the completion of a lengthy trial transcript. According to the Fifth Circuit's website, oral argument usually occurs ten months from the filing of the notice of appeal. After oral argument, the panel renders its decisions. If the decision is unfavorable to Mr. Fastow, then there will be a possibility of a petition for panel rehearing, rehearing en banc, and/or a petition for writ of certiorari to the United States Supreme Court.

indictment or information charging defendant with an offense or her first appearance before a judicial officer. 18 U.S.C. § 3161(c). The Act provides specific circumstances under which the seventy day requirement will be tolled. *See, e.g.,* 18 U.S.C. § 3161(h) (listing periods of delay which are excludable when calculating the seventy day period for commencement of trial). For example, the Court has already issued an order granting a motion to designate Mrs. Fastow's case as complex, thus permitting additional time for preparation.

■■■ "[T]he Speedy Trial Act protects not only the interests of the defendant but also the public's interest in a speedy disposition of criminal cases ...." *United States v. Kington,* 875 F.2d 1091, 1107 (5th Cir.1989). Although Mrs. Fastow's request to schedule her trial after that of her husband's might be construed as a waiver of her rights under the Speedy Trial Act, such waivers by a defendant alone are insufficient to toll the provisions of the Act, because the public, as well as the defendant, has the right to a speedy trial. *United States v. Willis,* 958 F.2d 60, 62–63 (5th Cir.1992); *Kington,* 875 F.2d at 1107–08. As the *Willis* court stated:

> The Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved. Allowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice. In the vast majority of cases, the defendant will be quite happy to delay the final determination of his guilt or innocence. The Act's central intent to protect society's interests requires that a defendant's purported waiver of his rights under the Act be ineffective to stop the speedy trial clock from running.

*Willis,* 958 F.2d at 63. Thus, considering the Court's duty to protect the Defendant's right to a speedy trial, the societal interest in the speedy disposition of criminal cases, and the indefinite nature of Mrs. Fastow's request, the Court declines to grant the instant motion.

■■■ Additionally, in regard to granting a severance based on alleged exculpatory testimony, "close attention to the interest in judicial economy is a permissible consideration in the trial judge's exercise of discretion." *United States v. Morrow,* 537 F.2d 120, 135 (5th Cir.1976). The Court is also allowed to weigh its own docket administration as an additional factor in its determination. *See, e.g., Byrd v. Wainwright,* 428 F.2d 1017, 1020 (5th Cir. 1970) (listing "the demands of effective judicial administration and economy of judicial effort" as a factor a court can consider when ruling on a motion to sever).

■■ The Court further notes that Mr. Fastow has not made an unequivocal offer to testify because he has conditioned his offer to testify on the sequence of the trials in order to protect his Fifth Amendment rights.[5] Under the law of severance,

---

5. The Government contends that, unlike co-defendants, Mrs. Fastow can subpoena her husband to testify as a witness in her trial. In support of this contention, the Government cites a Fifth Circuit case which suggests that Mr. Fastow has already waived his Fifth Amendment rights by filing an affidavit with this Court. *United States v. Berry,* 670 F.2d 583, 605 (5th Cir.1982) ("[Defendant], however, waived what rights he might have had under the Fifth Amendment when he filed with the court an affidavit stating that he would testify on [co-defendant's] behalf if [de-fendants'] trials were severed and [defendant's trial] was held first.").

In response, Defendant and Mr. Fastow provide case law from other circuits to support their argument that Mr. Fastow did not waive his Fifth Amendment rights. *See, e.g., United States v. Trejo–Zambrano,* 582 F.2d 460, 464 (9th Cir.1978) ("Nor did [co-defendant] waive his right to refuse to give self-incriminating testimony when he executed the incriminating affidavit in support of [defendant's] severance motion. A waiver of the

the defendant must show that the co-defendant would testify if the severance were granted. *United States v. Miranda,* 248 F.3d 434, 440 (5th Cir.2001). In *United States v. Broussard,* 80 F.3d 1025 (5th Cir.1996), the Fifth Circuit encountered a situation similar to the one currently before the Court. There, a defendant requested a severance based upon the exculpatory testimony of a co-defendant. *Id.* at 1037–38. The Fifth Circuit observed that "[the co-defendant] stated in his affidavit that he would be willing to testify if a severance were granted and he *were tried first* because he did not want to waive his Fifth Amendment rights." *Id.* at 1038 (emphasis in original). The Fifth Circuit stated that because the co-defendant's offer to testify was contingent upon his trial occurring before defendant's, "it did not constitute an unequivocal offer to testify." *Id.* (citing *United States v. McDonald,* 837 F.2d 1287, 1290 (5th Cir.1988)). The opinion further stated that the "[co-defendant's] affidavit did not establish that he would in fact testify if a severance were granted and it attempted to usurp the district court's discretion to determine the order in which the defendants would be tried." *Broussard,* 80 F.3d at 1038; *see also Byrd,* 428 F.2d at 1022 ("The sequence in which trials [are] held is in the discretion of the court."). Given this precedent, the manner in which Mr. Fastow has conditioned his offer to testify renders Mrs. Fastow's motion insufficient under the law of this circuit.

■ The Government also contends that it cannot fully respond to the instant motion because it does not know the substance of the testimony offered by Mr. Fastow. Under severance law, many factors guide a court's decision as to whether or not to grant a severance based on a co-

defendant's alleged exculpatory testimony. To warrant severance based on the exculpatory testimony of a co-defendant, a defendant must initially show (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the co-defendant would in fact testify if the severance were granted. *Miranda,* 248 F.3d at 440. Due to the filing of Mr. Fastow's affidavits *ex parte* and under seal, the Court acknowledges that the Government is deprived of the opportunity to meaningfully address the factors related to the testimony itself.

■ Finally, the Court observes that the proffered testimony itself lacks sufficient credibility under the law of this circuit. Without divulging the substance of the testimony, the Court notes that "[a] codefendant's proposed testimony lacks credibility when it does not contravene his own penal interests." *United States v. Tencer,* 107 F.3d 1120, 1133 (5th Cir.1997); *see also, United States v. Jobe,* 101 F.3d 1046, 1060 (5th Cir.1996) (co-defendant's self-serving, non-incriminating affidavit offered no exculpatory evidence and did not justify a severance); *United States v. Metz,* 608 F.2d 147, 156 (5th Cir.1979) ("[Co-defendant's] purportedly exonerative testimony lacked credibility because it would not contravene any apparent penal or other interest of [co-defendant]."). As the proposed testimony does not contravene any penal interest of Mr. Fastow, it lacks "credibility" under the law of this circuit.

Based upon the foregoing, the Court hereby

ORDERS that Defendant Lea W. Fastow's Motion to Schedule Trial to Obtain

Fifth Amendment privilege at one stage of a proceeding is not a waiver of that right for other stages.").

Exculpatory Testimony (Document No. 22) is DENIED.

The Court concurs with the Defendant that a continuance is advisable. However, the Court disagrees that a continuance of a year or more is warranted. Thus, the Court sets the hereinafter-referenced trial schedule, which allows more than seven months from the date of this order and almost nine months from the date of the filing of the indictment for discovery and trial preparation. Counsel are directed and ORDERED to prepare accordingly. The Court therefore

ORDERS as follows:

MOTIONS to be filed by: October 14, 2003

RESPONSES to motions to be filed by: November 3, 2003

Proposed VOIR DIRE QUESTIONS and JURY INSTRUCTIONS to be filed by: January 5, 2004

FINAL PRETRIAL CONFERENCE is set for: January 20–23, 2004 at 10:00 a.m.
**DEFENDANT MUST BE PRESENT**

JURY SELECTION and TRIAL set for: January 27, 2004 at 10:00 a.m.