United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60878
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMAINO MOFFITE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CR-5-2
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Damaino Moffite appeals his jury-trial conviction of one count of armed robbery and aiding and abetting. Moffite argues that the district court erred when it denied his motion to dismiss his indictment for a violation of the Speedy Trial Act (*See* 18 U.S.C. §§ 3161-62); the prosecutor made improper comments during closing argument; and there was insufficient evidence presented to establish jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied Moffite's motion to dismiss his indictment for violation of the Speedy Trial Act because it found that Moffite's voluntary participation in a joint motion for a trial continuance barred him from challenging the timeliness of his trial. The district court granted the parties' joint motion for a trial continuance under the "ends of justice" provision of the Speedy Trial Act, which is one of the exemptions to the time limit in the statute. *See* 18 U.S.C. § 3161(h)(8)(A). However, because of an administrative oversight, the order granting the motion was not entered into the record of the case until after trial commenced. Moffite argues therefore that the order did not comply with the requirements of the Speedy Trial Act. Unless the time period during which the continuance was in effect is excludable, Moffite's trial was not timely under the Speedy Trial Act.

In *United States v. Willis*, 958 F.2d 60, 64 (5th Cir. 1992), we held that a defendant does not waive his rights under the Speedy Trial Act "simply by asking for or agreeing to a continuance." Nevertheless, we cautioned that "the defendant should not be allowed to argue one legal theory or characterization of facts to obtain a continuance and then argue that the district court's ruling was erroneous to seek dismissal under the Act." *Id*. Where the defendant has sought a continuance under an erroneous interpretation of the Act that the district court adopts, we will "ask whether the district court

could have granted [an 18 U.S.C.] § 3161(h)(8) continuance.  If so, we will treat the time as an excludable continuance."  *Id*.

Moffite seeks to take advantage of a technicality and an apparent oversight on the part of the district court that caused the order for continuance not to be filed into the record until after the trial.  Unlike the order at issue in *Willis*, which erroneously relied upon the defendant's purported waiver of his rights under the Speedy Trial Act, the district court in this case granted the order under the "ends of justice" provision of the Speedy Trial Act based in part upon the representation by Moffite's counsel that he needed more time to prepare for trial. *See Willis*, 958 F.2d at 62-63.

Therefore, because the district court gave its reasons for granting a continuance under 18 U.S.C. § 3161(h)(8) and Moffite has not shown that the district court erred, the period during which the continuance was in effect is properly excluded, and the district court did not err in rejecting Moffite's claim based upon the Speedy Trial Act.  *See United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002), *cert. denied*, 538 U.S. 1014 (2003).

Moffite also argues that improper comments made by the prosecutor during closing argument at trial warrant reversal of his conviction.  The prosecutor's remarks were permissible even though they may have served to bolster the Government's case because they responded to the defense's attack upon the

Government's witness. *See United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995). Moreover, the prosecutor's remarks did not involve an expression of the prosecutor's personal opinion. *See United States v. Davis*, 831 F.2d 63, 67 (5th Cir. 1987). Furthermore, Moffite has not shown that the prosecutor manifestly intended to comment on Moffite's choice not to testify or that the jury necessarily would view his comments in that light. *See United States v. Johnston*, 127 F.3d 380, 396 (5th Cir. 1997). Finally, the district court's jury instructions were sufficient to cure any prejudice. *See United States v. Ramirez-Velasquez*, 322 F.3d 868, 875 (5th Cir.), *cert. denied*, 124 S. Ct. 107 (2003).

Moffite also challenges the sufficiency of the evidence establishing the jurisdictional requirement and essential element of the statute of conviction, 18 U.S.C. § 2113(f), that the bank was insured by the Federal Deposit Insurance Corporation (FDIC) on the day of the robbery. A showing of the witness's personal knowledge about the status of the bank's FDIC insurance was not necessary because Moffite did not challenge the testimony offered by the Government at trial. *See United States v. Trice*, 823 F.2d 80, 87 n.6 (5th Cir. 1987). Thus, the Government's proof of insured status provided an adequate basis for the jury to find beyond a reasonable doubt that the bank was insured by the FDIC on the day of the robbery. *See id*. at 86-87.

Accordingly, Moffite's conviction is AFFIRMED.