**UNITED STATES of America,**

**v.**

**Candice Nicole CONWAY, Defendant.**

**Criminal No. 6:06cr00032.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

Feb. 1, 2007.

Edward Albert Lustig, United States Attorneys Office, Roanoke, VA, for United States of America.

Mark B. Arthur, Lynchburg, VA, for Candice Nicole Conway.

*NOTIFICATION*

MOON, District Judge.

This matter is before the Court on Defendant's filing of a "Waiver of Speedy Trial," filed on January 31, 2007 (docket entry no. 71).

Even when filed in conjunction with a motion to continue a trial (as was the case here), a purported "Waiver of Speedy Trial" is unnecessary and ineffective. The Speedy Trial Act, codified at 18 U.S.C. §§ 3161–3174, is designed to address interests held by two different entities: the public (in having quickly resolved judicial proceedings) and the defendant (in having her case disposed of in a speedy manner). *See, e.g., United States v. Keith,* 42 F.3d 234, 238 (4th Cir.1994); *United States v. Willis,* 958 F.2d 60, 63 (5th Cir. 1992) ("The Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved."); *United States v. Noone,* 913 F.2d 20, 28 (1st Cir.1990) ("The Speedy Trial Act is designed to serve the public interest and the interests of the accused by requiring promptness in criminal proceedings.").

The Speedy Trial Act does allow certain periods of delay to be deducted from computing the relevant time. *See* 18 U.S.C.A. § 3161(h) (2007). These periods of delay, however, do not include those resulting from a defendant's purported waiver of rights she may have. *See id.; see also id.* § 3161(h)(8)(A)-(B) (allowing exclusion of time resulting from a continuance so long as the trial judge—by considering the factors listed in (B)—decides "that the ends of justice served by [granting a continuance] outweigh the best interest of the public *and* the defendant in a speedy trial"). This section illustrates again the purpose behind the Speedy Trial Act: the interest in having a speedy trial, which is held by both the public and the defendant. For this reason, the general rule is that a criminal defendant alone may not waive the time limits imposed by the Speedy Trial Act. *See, e.g., Keith,* 42 F.3d at 238; *see also Willis,* 958 F.2d at 63

(collecting cases from the First, Seventh, Eighth, and Ninth Circuits and stating that "[a]llowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice" and that "[t]he Act's central intent to protect society's interests requires that a defendant's purported waiver of his rights under the Act be ineffective to stop the speedy trial clock from running").

Because Defendant here cannot waive any time limitations imposed by the Speedy Trial Act, the Court cannot address that document.

The Clerk of the Court is hereby directed to send a copy of this Notification to all counsel of record.