IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-30837

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EDDIE STEPHENS

Defendant - Appellant

Appeal from the United States United States District Court
for the Middle District of Louisiana, Baton Rouge

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Eddie Stephens was convicted of armed bank robbery and firearm offenses in 2003. On appeal, this court found a violation of the Speedy Trial Act. The court reversed Stephens's convictions, vacated his sentence, and remanded the case to the district court for a determination of whether dismissal of the indictment should be with or without prejudice. United States v. Stephens, 489 F.3d 647 (5th Cir. 2007).

On August 21, 2007, the district court dismissed the indictment without prejudice. Stephens appealed that ruling. Soon thereafter, he was indicted a second time, in United States v. Eddie L. Stephens, No. 07-235, which is pending in the United States District Court for the Middle District of Louisiana.

The government argues that Stephens's appeal of the order dismissing his indictment without prejudice should be dismissed because that order is not a final, appealable order. Stephens responds that he filed this appeal out of an abundance of caution because he has found no case presenting the issue in the context of the present case, where the dismissal without prejudice by the district court occurred on remand from appeal of a conviction and sentence. He concedes that dismissal of this appeal is appropriate if he can preserve the issue in the same manner as set forth in United States v. Jackson, 30 F.3d 572 (5th Cir. 1994).

In Jackson, the district court dismissed the original indictment without prejudice under the Speedy Trial Act. Id. at 573. After the district court denied Jackson's motion to amend the judgment, he appealed that dismissal. Id. at 574. This court "dismissed the appeal for lack of jurisdiction because appellate review of a dismissal without prejudice must await final judgment after re-indictment." Id. Jackson was re-indicted, but did not move to dismiss the second indictment on the grounds that the first indictment should have been dismissed with prejudice. Id. He conditionally pleaded guilty to the charges in the second indictment, preserving, however, rights of appeal. Id. On appeal, he argued that the district court erred in dismissing the original indictment without prejudice. Id. The court concluded that Jackson had waived his right to dismissal of the second indictment by failing to move for dismissal prior to his entry of a conditional guilty plea. Id. at 575. The court explained:

> Jackson should have moved for dismissal of the [second] indictment prior to his entry of the conditional guilty plea to one count in that indictment. Had he done so, he could have then argued, as he does now before us, that the district court erred in dismissing the first indictment without prejudice and that the district court should correct that error by dismissing the second indictment with prejudice.

Id. Although Stephens's case is in a different procedural posture from Jackson's, inasmuch as the dismissal of Stephens's original indictment occurred on remand, the order dismissing the original indictment without prejudice is nevertheless a non-final, non-appealable order, and appellate review must await final judgment after re-indictment, as in Jackson and the cases cited therein. Stephens may preserve the issue for appeal in the manner explained in Jackson, that is, he should move to dismiss the second indictment at the earliest practicable stage of those proceedings on the grounds that his first indictment should have been dismissed with prejudice under the Speedy Trial Act, and consequently he should not have been re-indicted.

For the foregoing reasons, the appeal is

DISMISSED.